Jake SCHNAPP, Jr.

v.

Jessica McBRIDE, The Milwaukee Journal Sentinel, Inc. and ABC Insurance Company.

No. Civ.A. 98–1938.

United States District Court, E.D. Louisiana.

Dec. 16, 1998.

Louis B. Merhige, Louis B. Merhige, Attorney at Law, Metairie, LA, Jake Schnapp, Jr., New Orleans, LA, plaintiff pro se.

Michael T. Pulaski, Julianne Tyson Echols, Pulaski, Gieger & Laborde, New Orleans, LA, John R. Dawson, Paul Bargren, Foley & Lardner, Milwaukee, WI, for Jessica McBride, defendants.

McNAMARA, Chief Judge.

Before the court is the **"Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)"** filed by Defendant, The Milwaukee Journal Sentinel [hereinafter "Sentinel"]. Plaintiff filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 2, 1998, is before the court on briefs, without oral argument.

Having reviewed the memoranda of counsel and the applicable law, the court finds that the Defendant Sentinel's Motion to Dismiss should be granted.

## BACKGROUND

In Plaintiff's "Complaint for Damages", Plaintiff alleges that he was "defamed by false and malicious statements made by defendants, which attempted to portray him as a racist and an illegally aggressive police officer who was abusive of the rights of the citizenry." (Complaint ¶ 7). Plaintiff further alleges that as a result of the alleged defamation, he has been investigated by his superiors, reassigned work duties, suffered a loss of income, and suffered great mental anguish and loss of · reputation, all of which have damaged him in a substantial amount. (Complaint ¶ 11).

Plaintiff bases jurisdiction on 28 U.S.C.A. § 1332, diversity of citizenship and amount in controversy exceeding $75,-000.00.

In its answer, Defendant asserts eleven affirmative defenses,[1] among them that the Sentinel is not subject to personal jurisdiction in the Eastern District of Louisiana because the Louisiana long-arm statute does not confer special jurisdiction over it in this matter and further that its due process rights would be violated if it were to be subjected to personal jurisdiction in this forum.

## LAW AND ANALYSIS
### I. Louisiana's long-arm statute

Plaintiff has attempted to invoke jurisdiction over the Defendants under Louisiana's long-arm statute, La.Rev.Stat. 13:3201.[2] The Louisiana long-arm statute extends jurisdiction to the limits allowed

1. Defendant asserts eleven affirmative defenses in its answer, however; because the court finds that no personal jurisdiction exists, it is unnecessary to address the merits of the other affirmative defenses.

2. Louisiana's long-arm statute provides in pertinent part:
   (A). A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
   (1) Transacting any business in this state.
   (2) Contracting to supply services or things in this state.
   (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
   (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from

by due process. La.Rev.Stat. 13:3201; *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La.1987). The Due Process Clause of the Fourteenth Amendment permits personal jurisdiction over a defendant in any State regardless of the Defendant's presence in the State if that Defendant has "certain minimum contacts" with that State "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

Personal jurisdiction is either specific—when the suit arises out of the defendant's contacts with the forum—or general—when the suit does not arise out of nor is related to those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 15, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In the case at bar, there is no basis for this court to exercise jurisdiction, either specific or general, over this Defendant.

### II. General Jurisdiction

■ For the exercise of general jurisdiction to be proper, a Defendant must have contacts with the forum that are "continuous and systematic." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (relying on *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485

(1952)). In *Buckley v. New York Times*, 338 F.2d 470, 475 (5th Cir.1964), the Fifth Circuit declined jurisdiction because the New York Times had merely circulated a small number of newspapers in Louisiana which the court concluded did not amount to "continuous and systematic" contact with Louisiana.[3] Furthermore, sporadic news gathering by reporters on special assignment did not amount to a business activity that satisfied the "minimum contacts" criteria. *Id.* at 474-75. Similarly, circulation of the Sentinel is mainly in the Milwaukee area.[4] The Sentinel has only about nineteen subscribers in Louisiana, none of which are newsstands, libraries or public institutions. Defendant's Memorandum in Support of Motion to Dismiss at 2, 3.

■ The Sentinel's contacts with Louisiana are not "continuous and systematic". Therefore, this court cannot maintain an assertion of general jurisdiction over the Sentinel.

### III. Specific Jurisdiction

"In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). In *Calder*, the United States Supreme Court adopted the "effects" test to determine if sufficient minimum contacts exist-

---

goods used or consumed or services rendered in this state.

(B). In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La.R.S. 13:3201 (1998).

**3.** *Buckley* involved a libel action based on an Associated Press story stating that the Archbishop of New Orleans had by personal letter threatened to excommunicate certain Catholics who were seated on the platform of a segregationist White Citizens Council meeting in New Orleans. Buckley, a Republican mayoral candidate, was alleged to be among those

receiving a letter from the Archbishop but Buckley denied receiving a letter. *Id.* at 471. The federal court declined jurisdiction in the matter under the rationale that mere circulation in Louisiana of a small number of papers was insufficient to constitute 'doing business' in the state so as to subject them to personal jurisdiction. *Id.* at 472.

**4.** Defendant maintains that the Milwaukee area accounts for 99% of the Sunday distributions and 87% of the weekly distributions of the Sentinel. Declaration of Paul E. Kritzer at ¶ 4. Defendant further asserts that its online website, "JSOnline.com" is targeted at the Milwaukee area as is its online advertising. Declaration of Thomas D. Massopust at ¶¶ 3, 5.

ed in libel cases so as to justify the assertion of personal jurisdiction. The plaintiff, Shirley Jones, filed libel charges against the *National Enquirer, Inc.*, its reporter, South, and its president and editor, Calder,[5] all in federal court in California, alleging diversity jurisdiction. The *National Enquirer* had printed an allegedly defamatory article about Jones which was received by over 600,000 subscribers to the *Enquirer* in California.

The Court focused on where the harm occurred and reasoned that personal jurisdiction existed in California because "California is the focal point both of the story and of the harm suffered." *Id.* at 789, 104 S.Ct. 1482. The Court emphasized that petitioner's "actions were expressly aimed at California" and, thus, jurisdiction was proper based on the "effects" of the petitioner's intentional conduct in Florida[6] which was "calculated to cause injury to respondent in California." *Id.* at 789, 790, 104 S.Ct. 1482. In short, sufficient contacts existed between the defendants, the forum (California), and the litigation (the libel action). Therefore, the requisite minimum contacts existed.

■ Unlike the respondent in *Calder*, Officer Schnapp was not the focal point of the article " 'Quality of life' patrols attack petty crime." The article gave an overview of the policing efforts of New Orleans police officers and was not directed in substantial part to the actions of Officer Schnapp. Although the article was released on the Internet, it was not purposefully targeted at Officer Schnapp nor was it aimed at readers in Louisiana.[7] Therefore, unlike the *National Enquirer* article

in *Calder*, the article printed by the Sentinel was not "calculated to cause injury" to Officer Schnapp in Louisiana. The "minimum contacts" criteria is not satisfied by the printing of the article.

### IV. Application to the Internet

The Fifth Circuit has not addressed jurisdiction on the Internet. Therefore, the holdings of courts in other jurisdictions are considered as guidance. Generally speaking, a "sliding scale" approach is used when determining Internet jurisdictional issues. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir.1997). At one end of the spectrum are "passive sites" that merely allow the posting of information, and at the opposite end are websites on which the defendant conducts business activities such as selling products or entering into contracts. *See Zippo Manufacturing Co. v. Zippo Dot Com. Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997).

■ In categorizing a website, the main consideration is the nature and quality of the commercial activity that the entity conducts on the Internet. *Id.* Maintaining a "passive" Internet website that merely posts information is not sufficient to confer jurisdiction in a foreign forum. To warrant the exercise of jurisdiction by the foreign forum, other non-Internet related contacts are required. *Id.; see Blumenthal v. Drudge*, 992 F.Supp. 44, 55 (D.D.C. 1998).

■ In the case at bar, except for online advertising in the Milwaukee area,[8] there is no indication that the website was used for anything other than the posting of information. Thus, the site is "passive"[9]

---

**5.** The National Enquirer was a Florida corporation with its principal place of business in Florida. Both South and Calder were Florida residents. *Calder,* 465 U.S. at 785–86, 104 S.Ct. 1482.

**6.** Jones lived and worked in California but the article was written and edited by Defendants in Florida. Furthermore, about 600,000 copies of the *Enquirer* were distributed weekly in California.

**7.** In *Calder,* the offending newspaper, the *National Enquirer,* circulated more copies in

California than in any other state. Specifically, some 600,000 copies were routinely distributed in California whereas only nineteen copies of the Sentinel were routinely distributed in Louisiana. *Calder,* 465 U.S. at 785, 104 S.Ct. 1482; Defendant's Memorandum in Support of Motion to Dismiss at 3.

**8.** Declaration of Thomas D. Massopust at ¶ 5.

**9.** This categorization is relevant only insofar as it relates to the court's determination of

and is not alone sufficient for conferring jurisdiction.

The Sentinel does not have other "non-Internet" related contacts with Louisiana to justify an assertion of personal jurisdiction over the newspaper. Plaintiff has asserted no contacts between the Sentinel and Louisiana other than the research of this isolated news story and a minute number of subscriptions that are delivered in Louisiana.[10] In short, this federal court sitting in Louisiana does not have specific personal jurisdiction over the Sentinel in this action.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss** filed by Defendant, The Milwaukee Journal Sentinel, should be and is hereby **GRANTED**.

personal jurisdiction in this matter. Categorization may be different in other jurisdictions such as Milwaukee which may be targeted by advertisements on this website.

10. Defendant stated that the Sentinel is not licensed to do business in Louisiana, has no agent for service of process in Louisiana, pays no taxes here, is not listed in any Louisiana telephone book, and does not solicit business or advertise in Louisiana. Declaration of Paul E. Kritzer at ¶¶ 8, 10. The nineteen Louisiana subscriptions for the Sentinel were requested through Milwaukee and are also delivered from there. *Id.* At ¶ 9.