STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

HAYWARD WILLIAMS, et al.

VERSUS

FRANK PARRA AUTO PLEX, INC., et al.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2004-1009,
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter, Judges.

**AFFIRMED.**

Walter C. Dumas
NaTashia Carter Benoit
Dumas & Associates Law Corporation
Post Office Box 1366
Baton Rouge, Louisiana  70821-1366
(225) 383-4701
Counsel for Plaintiffs/Appellants:
    Hayward Williams
    Ericka Williams
    Jazmine Williams

Charles A. Schutte, Jr.
Robert L. Graves
Guglielmo, Marks, Schutte,
  Terhoeve & Love
320 Somerulos Street
Baton Rouge, Louisiana  70802
(225) 387-8330
Counsel for Defendant/Appellee:
    Frank Parra Auto Plex, Inc.

George P. Hebbler, Jr.
Miranda, Warwick, Milazzo,
  Giordano, and Hebbler
3636 S. I-10 Service Road W., Suite 300
Metairie, Louisiana  70001
(504) 833-8007
Counsel for Defendant/Appellee:
        Frank Parra Auto Plex, Inc.

Nan M. Landry
Attorney at Law
2014 W. Pinhook Road, Suite 403
Lafayette, Louisiana  70508
(337) 234-7200
Counsel for Defendant:
        Salient Designs, Inc.

Larry G. Canada
Doris T. Bobadilla
Candace M. Minerich
Galloway, Johnson, Tompkins,
  Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
(504) 525-6802
Counsel for Defendant/Appellee:
        J. R.'s Custom Auto Service, Inc.

SULLIVAN, Judge.

Plaintiffs, Haywood[1] and Ericka Williams, individually and on behalf of the estate of their minor daughter, Jazmine Williams, appeal the dismissal of Defendants, Frank Parra Autoplex, Inc. (Parra) and J. R.'s Custom Auto Service, Inc. (J. R.'s), on exceptions of lack of personal jurisdiction. For the following reasons, we affirm.

**Factual and Procedural Background**

This litigation stems from a tragic automobile accident that claimed the lives of two of the Williamses' children. On March 9, 2003, Mr. and Mrs. Williams, residents of Plano, Texas, and their three minor daughters were traveling eastbound on U. S. Highway 90 in Lafayette Parish, Louisiana, when a westbound vehicle crossed the median and struck their 1999 Chevrolet Suburban. Their infant daughter, five-month-old Jazmine, was killed after a custom-installed overhead TV/VCP console became dislodged and struck her on the head. According to the police report, another daughter, six-year-old Leah, was also killed in the accident, but her death is not at issue in this suit. The record does not reflect what injuries were sustained by their third daughter, Alanah, who was also a passenger in their vehicle.

On February 27, 2004, the Williamses filed an action for the wrongful death of Jazmine in Lafayette Parish, naming as Defendants Parra, J. R.'s, and Salient Designs, Inc. (Salient).[2] Plaintiffs alleged that Salient manufactured the TV/VCP overhead console and that J. R.'s installed the unit at the request of Parra, the

_____

[1]Mr. Williams' first name appears as "Hayward" in the caption of this case but as "Haywood" in the pleadings and other documents in the record.

[2]The Williamses did not name as a Defendant in this suit the driver of the other vehicle, Derrick Williams, a resident of Lafayette, Louisiana, who allegedly suffered a seizure immediately prior to the accident.

Suburban's original seller.[3]  Plaintiffs further alleged that all three defendants maintained their principal places of business in the State of Texas.

Parra and J. R.'s filed exceptions of lack of personal jurisdiction.  Salient answered the suit, then filed a motion seeking dismissal on summary judgment.  The trial court granted the exceptions filed by Parra and J. R.'s.  The record does not yet contain a ruling on Salient's motion for summary judgment.

As shown by the affidavit of Parra's general manager, Thomas Quintana, Parra is an automobile dealership in Irving, Texas, that is not authorized to conduct business in Louisiana.  According to Mr. Quintana, Parra does not sell vehicles in Louisiana, and it does not directly or indirectly solicit customers from Louisiana.  The Williamses, nonetheless, argue that Parra is amenable to suit in Louisiana because it maintains an Internet "web store" with a sales department that can conduct "live chats" with Louisiana residents.  In opposing the exception, the Williamses introduced online correspondence between a Parra employee and an individual claiming to be resident of Shreveport, Louisiana, who was interested in purchasing a vehicle from Parra.  That correspondence was initiated by an associate of the Williamses for the purpose of opposing this exception.

James Reeves, the owner of J. R.'s, stated in his affidavit that J. R.'s is not licensed to do business in Louisiana; does not have any offices, stores, or service centers in Louisiana; does not target advertising to Louisiana residents; and does not perform installations for any Louisiana dealerships or clients.  In its memorandum in support of its exception, J. R.'s stated that it has engaged in "unrelated, very limited

_____

[3]The Williamses did not purchase the vehicle from Parra.  They later sued their vendor, United Motor Cars (United), a Texas sole proprietorship, but then consented to United's dismissal after it filed an exception of lack of personal jurisdiction.

and sporadic wholesale distribution of automobile parts, upon specific request, to an occasional Louisiana dealership." The Williamses further point out that J. R.'s also maintains a website, on which it posts a toll-free number.

**Discussion**

The Louisiana long-arm statute, La. R.S. 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant by stating in part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> . . . .
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state *if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.*
>
> . . . .
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state *by reason of its nature and the manufacturer's marketing practices.*
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident *on any basis consistent with the constitution of this state and of the Constitution of the United States.*

(Emphasis added.)

With the enactment of La.R.S. 13:3201(B), the limits of the Louisiana long-arm statute and of constitutional due process have become coextensive; thus, the sole inquiry into jurisdiction over a nonresident is whether it comports with constitutional due process requirements. *Alonso v. Line*, 02-2644 (La. 5/20/03), 846 So.2d 745,

3

*cert. denied*, 540 U.S. 967, 124 S.Ct. 434 (2003). Nonetheless, the specific contacts listed in La.R.S. 13:3201(A) "now serve as a 'valuable list of . . . contacts sufficient to give rise to in personam jurisdiction.'" *Alonso*, 846 So.2d at 750 (quoting Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise, Vol. 1, Civil Procedure*, § 2.3, p. 15 (1991)).

In *Ruckstuhl v. Owens Corning Fiberglas Corp.*, 98-1126, pp. 6-7 (La. 4/13/99), 731 So.2d 881, 885-86, *cert. denied*, 528 U.S. 1019, 120 S.Ct. 526 (1999), the supreme court summarized the test for constitutional due process as follows:

> The due process test first enunciated in *International Shoe* [*Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945)] requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . .

> The test has evolved into a two-part test, the first part being the "minimum contacts" prong, which is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The nonresident's "purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson, . . .* 444 U.S. [286] at 297, 100 S.Ct. 559 [(1980].

> The second part of the due process test centers around the fairness of the assertion of jurisdiction. Hence, once the plaintiff meets his burden of proving minimum contacts, "a presumption of reasonableness of jurisdiction arises" and "the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." *de Reyes v. Marine Management and Consulting, Ltd.*, 586 So.2d 103, 107 (La.1991) (citing 4 Charles A.

Wright and Arthur R. Miller, *Federal Practice and Procedure* Sec. 1067, pp. 301-302).[4]

To determine whether minimum contacts exist, a court must engage in "a factual examination of the 'relationship among the forum, the defendant, and the litigation.'" *A & L Energy, Inc. v. Pegasus Group*, 00-3255, p. 6 (La. 6/9/01), 791 So.2d 1266, 1271-72, *cert. denied*, 534 U.S. 1022, 122 S.Ct. 550 (2001) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580 (1977)). In the present case, the record reveals that the Plaintiffs and Defendants are either residents of Texas or are businesses domiciled in that state. Defendant Parra, an automobile dealership, does not sell any vehicles in Louisiana, and Defendant J. R.'s does not target its advertising to Louisiana residents, although it does supply automobile parts to "an occasional" Louisiana dealership at that dealer's request. Although the accident giving rise to this litigation occurred in Louisiana, the acts or omissions alleged as the cause of injury occurred in Texas. Specifically, the Williamses allege that Parra directed J. R.'s to install the TV/VCP unit and that J. R.'s did so before the vehicle's original sale to a third person in Texas.

In asserting that Louisiana may exercise personal jurisdiction over Parra and J. R.'s, the Williamses rely heavily on the fact that both Defendants have Internet websites that are accessible to Louisiana residents. The Williamses point out that the

---

[4]In interpreting the due process clause, the United States Supreme Court has recognized two types of personal jurisdiction: (1) specific jurisdiction, which is appropriate when the defendant "has purposefully directed its activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities," and (2) general jurisdiction, which attaches "where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are continuous and systematic." *Alonso*, 846 So.2d at 751, n.4 (quoting *A & L Energy, Inc. v. Pegasus Group*, 00-3255, pp. 5-6 (La. 6/9/01), 791 So.2d 1266, 1271, *cert. denied*, 534 U.S. 1022, 122 S.Ct. 550 (2001)). "However, 'the classification of general versus specific jurisdiction merely serves as an analytical tool to categorize the degree of interrelation between the defendant's activities, the forum, and the cause of action; *the same two-part due process evaluation must be conducted considering the fats in each individual case*.'" *Id.* (emphasis added). In their appellate brief, the Williamses argue that the present case is one of general jurisdiction.

Parra website is interactive, with sales personnel having the ability to "chat" with potential customers; as to J. R.'s website, they state only that it posts a toll-free number. They cite *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997), as authority for the exercise of personal jurisdiction based upon these activities.

In *Zippo*, 952 F.Supp. at 1124 (emphasis added), the court recognized that "the likelihood that personal jurisdiction can be constitutionally exercised [based on Internet use] is *directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet*." The court then proposed the following "sliding scale" analysis:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. *In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.*

*Id*. (emphasis added) (citations omitted). In *Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999), the United States Fifth Circuit applied the *Zippo* analysis to conclude that Texas could not assert personal jurisdiction over a defendant whose only contact with that state was through a website that allowed communication by e-mail, but required consumers to place orders by regular mail or fax. The court concluded: "In this case, the presence of an electronic mail access, a printable order form, and a toll-free number on a website, without more, is insufficient to establish

6

personal jurisdiction." *Id*. at 337. In *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002), the fifth circuit questioned whether the *Zippo* analysis is helpful in a general jurisdiction case "because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction—in other words, while it may be doing business *with* [the forum], it is not doing business *in* [the forum]."

In the present case, the Williamses have shown that Parra does operate an interactive website that permits exchange of information with Louisiana residents through its "chat live" feature. However, Parra contends that consumers may not use its website to purchase vehicles. While customers may contact its employees on the website, the purchase must take place at its dealership in Texas. As to J. R.'s, the Williamses have only pointed out that its website includes a toll-free number. When this limited exchange of information over the Internet is considered with the acts or omissions allegedly giving rise to liability, i.e., the customization of a vehicle that was originally sold to a third person in the State of Texas, we must conclude that the Williamses have not met their initial burden of showing sufficient minimum contacts with the State of Louisiana that would support its exercise of personal jurisdiction over either Defendant. The occurrence of the accident in Louisiana was a fortuitous event, and the Williamses have failed to show how either Parra or J. R.'s have "purposefully availed" themselves of the privilege of conducting activities in this state.

**Decree**

For the above reasons, the judgments of the trial court sustaining Defendants' exceptions to personal jurisdiction are affirmed. Costs of this appeal are assessed to Plaintiffs-Appellants, Haywood and Ericka Williams.

**AFFIRMED.**