# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-268

THOMAS J. HENSGENS

VERSUS

PELICAN BEACH RESORT

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C35111
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Nahum D. Laventhal
3421 N. Causeway Boulevard - #800
Metairie, LA 70002
Telephone:  (504) 837-9107
COUNSEL FOR:
    Defendant/Appellee - Pelican Beach Resort

Kenneth O'Neil Privat
P. O. Drawer 449
Crowley, LA 70527-0449
Telepone:  (337) 783-7142
COUNSEL FOR:
    Plaintiff/Appellant - Thomas J. Hensgens

**THIBODEAUX, Chief Judge.**

Plaintiff, Thomas Hensgens, and his wife, Trina, rented a hotel room from Defendant Pelican Beach Resort ("Pelican") in Destin, Florida. During their trip, an employee of Pelican stole approximately $3,600.00 in property from the Hensgens' rented room. Hensgens, a Louisiana domiciliary, filed suit in Jefferson Davis Parish against Pelican, a Florida domiciliary, alleging that Pelican was vicariously liable for the property loss since the property was stolen by one of Pelican's former employees. Pelican filed an Exception of Lack of Jurisdiction. The trial court granted Pelican's exception and dismissed Hensgens' lawsuit with prejudice. Hensgens appeals. For the following reasons, we affirm the judgment of the trial court.

I.

**ISSUES**

The sole issue presented in this appeal is whether Pelican's contacts with the State of Louisiana were sufficient to confer personal jurisdiction over it in Louisiana.

II.

**FACTS AND PROCEDURAL HISTORY**

Hensgens and his wife planned to vacation in Destin, Florida, in June 2010. Hensgens' wife booked a room at Pelican for the vacation. Pelican advertises its vacation property on the Internet, and customers are able to book rooms through its website. Mrs. Hensgens, however, booked their room by calling Pelican directly, and she testified that she only used the website to look at potential rooms. Indeed, having stayed at Pelican before, Mrs. Hensgens testified that she knew Pelican's phone number "by heart."

During the Hensgens' stay at Pelican, a number of items were stolen from their room. A housekeeper employed by Pelican was later convicted of the theft. Mr. Hensgens filed suit to recover the value of the stolen items. In response, Pelican filed its exception. At that time, Pelican affirmatively pled that it was solely domiciled in Florida, had no office in Louisiana, and had no direct or meaningful contacts with Louisiana.

Mrs. Hensgens testified that she had rented from Pelican several times in the past, and, having memorized Pelican's phone number, she used it to call Pelican and book the 2010 stay. She provided her credit card number over the phone, and she did not use the Internet to book her vacation. Hensgens produced no flyers, mailings, advertisements, or other evidence showing that Pelican sought out customers in Louisiana or otherwise availed itself of Louisiana law.

The trial court granted Pelican's Exception and dismissed Hensgens' lawsuit with prejudice. In its written ruling, the trial court stated that the fact that no flyers, mailings, advertisements, or other print media were distributed in Louisiana and that no television or radio advertisements were used to promote Pelican in Louisiana indicated that Pelican had not purposely availed itself of the laws of Louisiana. Moreover, the trial court found it significant that Hensgens did not even use the Internet to book his vacation. The trial court concluded that "the existence of a business's internet website alone does not create the necessary minimum contacts to impose personal jurisdiction." Hensgens appeals.

III.

**LAW AND DISCUSSION**

**Standard of Review**

"An appellate court conducts a *de novo* review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. However, the trial

2

court's factual findings underlying the decision are reviewed under the manifest-error standard of review." *Peters v. Alpharetta Spa, L.L.C.*, 04-979, pp. 3-4 (La.App. 1 Cir. 5/6/05), 915 So.2d 908, 910 (citations omitted).

## Discussion

Louisiana's long-arm statute, La.R.S. 13:3201, authorizes the exercise of personal jurisdiction over non-residents by providing, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.
>
> . . . .
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

### *Personal Jurisdiction*

In *Davis v. Dempster, Inc.*, 00-662 (La.App. 3 Cir. 11/29/00), 790 So.2d 43, *writ denied*, 00-3519 (La. 2/9/01), 785 So.2d 830 (citations omitted), this court discussed the types of personal jurisdiction:

> [P]ersonal jurisdiction may be either general or specific. When the suit arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. However, if

3

the exercise of jurisdiction arises in a case not stemming from the defendant's contacts with the forum, the exercise of personal jurisdiction is one of general jurisdiction. When this latter category is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous and systematic.

In *de Reyes* [*v. Marine Management and Consulting, Ltd.*], 586 So.2d 103 [(La.1991)], the Louisiana Supreme Court explained that whether proceeding under a theory of general jurisdiction or one involving specific jurisdiction, the analysis is the same. Under either theory, a determination as to whether due process standards have been met requires a two-part analysis of 1) minimum contacts with the forum state and 2) consideration of whether maintenance of the suit is consistent with notions of fair play and substantial justice.

### Burden of Proof

The burden of proving minimum contacts with the forum state, for long-arm statute purposes, is on the party claiming jurisdiction to be proper. *Hunt v. Schult Homes Corp.*, 94-1592 (La.App. 3 Cir. 5/3/95), 657 So.2d 124. If Hensgens is able to establish that Pelican has had sufficient minimal contacts with Louisiana, then a presumption arises that assertion of personal jurisdiction by the state court is reasonable. The burden then shifts to Pelican to prove that the State of Louisiana's assertion of personal jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice. *See de Reyes,* 586 So.2d 103.

### Minimum Contacts

To determine whether minimum contacts exist, a court must engage in "a factual examination of the 'relationship among the forum, the defendant, and the litigation.'" *A&L Energy, Inc. v. Pegasus Group*, 00-3255, p. 6 (La. 6/29/01), 791 So.2d 1266, 1271-72, *cert. denied*, 534 U.S. 1022, 122 S.Ct. 550 (2001) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580 (1977)). Here, the record reveals that Pelican is a business domiciled in Florida. It has no office in Louisiana,

4

and it does not target its advertising to Louisiana residents. Moreover, the act giving rise to this litigation—the theft— occurred in Florida.

In asserting that Louisiana may exercise personal jurisdiction over Pelican, Hensgens relies solely on the fact that Pelican has an Internet website that is accessible to Louisiana residents. Hensgens points out that Pelican's website allows for online booking and provides a telephone number and asserts that this "invitation" provides the requisite minimum contacts with Louisiana.

In *Williams v. Frank Parra Auto Plex, Inc.*, 05-737 (La.App. 3 Cir. 3/22/06), 929 So.2d 755, this court considered whether Internet websites provided sufficient contacts with Louisiana to support personal jurisdiction under the long-arm statute. In finding that insufficient contacts existed, the *Williams* court recognized the "sliding scale" analysis used by the courts in *Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) and *Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999). In *Zippo,* the court noted that "the likelihood that personal jurisdiction can be constitutionally exercised [based on Internet use] is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. In *Mink*, the court concluded that the presence of e-mail access, a printable order form, and a toll-free number on a website, without more, was insufficient to establish personal jurisdiction. *Mink*, 190 F.3d 330.

Here, Hensgens has shown only that Pelican operates a website accessible to Louisiana residents. While customers have the option of booking their reservations online, Hensgens' wife testified that she opted to make their reservation by calling Pelican's toll-free number, which she had memorized from previous bookings. Hensgens only used the Internet site to view pictures of the property. When this limited contact via the Internet is considered with the act allegedly giving rise to liability, i.e., the theft of property in Florida, we conclude that Hensgens has

not met his initial burden of showing sufficient minimum contacts with the State of Louisiana that would support its exercise of personal jurisdiction over Pelican. Hensgens has failed to show how Pelican "purposely availed" itself of the privilege of conducting activities in this state.

IV.

**CONCLUSION**

For the reasons articulated above, we affirm the judgment of the trial court. Costs of this appeal are assessed against Appellant, Thomas J. Hensgens.

**AFFIRMED.**