# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-139


RICHARD C. BENTLEY

VERSUS

LCM CORPORATION, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20112851
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**Ed W. Bankston**
**Attorney at Law**
**P. O. Box 53485**
**Lafayette, LA 70505**
**(337) 237-4223**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Richard C. Bentley**

**Michael D. Skinner**
**Skinner Law Firm**
**P. O. Box 53146**
**Lafayette, LA 70505**
**(337) 354-3030**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **LCM Corporation**

**PICKETT, Judge.**

The plaintiff, Richard C. Bentley, appeals the judgment of the trial court granting LCM Corporation's (LCM) exception of lack of jurisdiction over the person and dismissing Bentley's claims against LCM.

## STATEMENT OF THE CASE

Bentley hired Danny Hubbard, an employee of LCM, a Virginia corporation, to provide expert analysis in a lawsuit against his neighbor.[1] The contract, printed on LCM letterhead, was for a limited duration, after which Hubbard was to produce a written report. This lawsuit arises over allegations that LCM and Hubbard conspired with or provided information to Bentley's opponent in the previous lawsuit in breach of their contract. Bentley originally filed his suit in federal court. The federal court dismissed Bentley's claims for tortious breach of contract, attorney's fees, reliance damages, and restitution. The federal court later found that Bentley's remaining claims for breach of contract, expectation damages, and injunctive relief could not meet the $75,000.00 amount in controversy threshold to proceed in federal court, and the case was dismissed without prejudice. Bentley then filed this suit in state district court against Hubbard and LCM alleging breach of contract and that LCM negligently hired Hubbard. Hubbard filed an answer and an exception of lack of personal jurisdiction and also sought pauper status.[2] On October 26, 2011, LCM filed exceptions of lack of personal jurisdiction, subject matter jurisdiction, improper venue, and ambiguity and vagueness and a motion to strike for failure to comply with the provisions of

---

[1] *See Bentley v. Fanguy*, 09-822, 09-1509 (La.App. 3 Cir. 10/6/10), 48 So.3d 381, *writ denied*, 10-2854 (La. 2/25/11), 58 So.3d 457.

[2] Hubbard has filed an application for supervisory writs with this court regarding his pauper status. *See Bentley v. LMC Corp.*, an unpublished writ disposition bearing docket number 12-46 (La.App. 3 Cir. 1/13/12 and 4/26/12).

La.R.S. 13:3205, as Bentley had filed a Motion for Default Judgment against LCM on October 20, 2011.

A preliminary default judgment against LCM was signed in open court on November 8, 2011. Eventually, the parties agreed to set aside the preliminary default, and the trial court signed a judgment to that effect on March 26, 2012. The trial court granted the exception of improper venue and transferred the case to St. Martin Parish. Bentley appealed that decision to this court. We dismissed the appeal as an interlocutory order and permitted Bentley to file an application for supervisory writs. *Bentley v. LCM Corp.*, 12-1443 (La.App. 3 Cir. 1/30/13) (unpublished). Subsequently, this court reversed the trial court, and the case returned to Lafayette Parish. *Bentley v. LCM Corp.*, an unpublished writ disposition bearing docket number 13-227 (La.App. 3 Cir. 3/27/13).

When the case was transferred back to Lafayette Parish, Bentley moved that the court set a date for a jury trial, despite the pendency of LCM's exceptions of lack of personal jurisdiction, ambiguity and vagueness, and failure to comply with the requirements of La.Code Civ.P. art. 891. LCM objected. The trial court upset the trial dates and set a hearing on the exceptions on September 3, 2013. Oral argument was waived and the parties submitted briefs. The trial court sustained the declinatory exception of lack of personal jurisdiction and dismissed the claims against LCM with prejudice. Bentley now appeals.

Hubbard has filed a pleading in this court asking for relief from the trial court's imposition of sanctions because of discourteous language used in a filing to the court objecting to the final judgment in this matter. He has not appealed any judgment against him in the trial court, therefore this court is without authority to

grant him any relief. The only issue before us is Bentley's appeal of the dismissal of LCM for lack of personal jurisdiction.

## ASSIGNMENTS OF ERROR

Bentley asserts one assignment of error: "The trial court erred by its judgment of no personal jurisdiction and dismissal of the lawsuit."

## DISCUSSION

A court's lack of *in personam* jurisdiction is raised by declinatory exception. La.Code Civ.P. art. 925(A)(5). If the petition cannot be amended to cure the grounds for the exception, the plaintiff's action must be dismissed. La.Code Civ.P. art. 932. An appellate court reviews the legal determination of the trial court in an exception of personal jurisdiction using the *de novo* standard. *Hillman v. Griffin*, 13-648 (La.App. 3 Cir. 12/11/13), 128 So.3d 661. Any factual findings of the trial court, though, are reviewed under the manifest error standard of review. *Id.*

"[D]ue process requires only that, in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343 (1940)). *See also de Reyes v. Marine Mgmt. and Consulting, Ltd.*, 586 So.2d 103 (La.1991). The courts have crafted a two-prong test to determine whether a state may exercise personal jurisdiction over a nonresident. The first part of that test is whether there is a single act or actions by which the nonresident defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

3

protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985) (quoting *hanson v. Denckla*, 371 U.S. 235, 253, 78 S.Ct. 1228, 1239-40 (1958)). "Purposeful availment" means the nonresident defendant "should reasonably anticipate being haled into court" in the forum state. *Ruckstuhl v. Owens Corning Fiberglas Corp.*, 98-1126, p. 6 (La. 4/13/99), 731 So.2d 881, 885, *cert. denied sub nom. Hollingsworth & Vose Co. v. Ruckstuhl*, 528 U.S. 1019, 120 S.Ct. 526 (1999).

Once the plaintiff establishes minimum contacts, the reasonableness of personal jurisdiction is presumed, and the burden shifts to the nonresident defendant to show that the assertion of jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice. *de Reyes*, 586 So.2d 103. To determine this issue of fundamental fairness, we must determine "(1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Ruckstuhl*, 731 So.2d at 890.

The Louisiana legislature has adopted the Louisiana Long-Arm Statute, La.R.S. 13:3201, in order to extend the jurisdiction of the courts of this state to the full extent of the due process clause of the Fourteenth Amendment of the United States Constitution. It states, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.

4

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

. . . .

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

In this case, Bentley contracted with Hubbard and LCM for litigation support in his suit against his neighbor. Their services included a review of documents, research of environmental statutes and codes, research of case law, and completion of a written opinion by a certain date. The contract purported to make the documents received from Bentley and prepared by LCM and Hubbard "Privileged Attorney Client Work Product." The contract includes a provision that it is governed by Virginia law.

Bentley alleges that LCM and Hubbard breached the contract by failing to deliver a written report. Further, he alleges that Hubbard contacted his opponent in the underlying litigation and provided an affidavit in violation of the terms of the confidentiality agreement. The record shows that neither Hubbard nor LCM ever travelled to Louisiana in furtherance of the contract and that all work was done in Virginia. The trial court found that LCM does not regularly conduct business in Louisiana, and we find no error in that finding. Further, though one act is sufficient for minimum contacts such that *in personam* jurisdiction attaches, we find that the services provided by LCM do no indicate a "purposeful availment" of

5

the courts of this state such that LCM "should reasonably anticipate being haled into court" in Louisiana. *Ruckstuhl*, 731 So.2d at 885.

<u>**CONCLUSION**</u>

The judgment of the trial court granting the declinatory exception of lack of personal jurisdiction and dismissing Bentley's claims against LCM is affirmed.

**AFFIRMED.**